[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: November 17, 1993 Date of Application: December 15, 1993 Date Application Filed: December 15, 1993 Date of Decision: September 27, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven. Docket No. CT Page 670 CR6-376271; CR6-376094.
Attorney Beth Merkin, Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
The petitioner was convicted after a trial by a jury of the crimes of Arson in the First Degree, a violation of § 53a-111(a)(1) in Docket No. CR6-376094 and Assault on a Department of Corrections Employee in violation of CGS §53a-167c(a)(4) in Docket No. CR6-376291. The penalty imposed for the charge of Arson in the first degree was twelve years execution suspended after serving five years to be followed by three years of probation (12 years ESA 5 years with 3 years probation). The penalty imposed for the charge of Assault on a Department of Corrections Employee was two years in the custody of the Commission of Corrections consecutive to the Arson sentence for a net effective sentence of twelve years execution suspended after serving seven years incarceration with three years probation (12 years ESA 7 years with 3 years probation). Said total effective sentence is to be servedconsecutive to any sentence the defendant was serving at the time of the conviction herein.
The facts underlying the petitioner's convictions reveal the following: that on or about February 2, 1993 at or about 6:50 AM, while incarcerated at the New Haven Correctional Center, the petitioner did intentionally set fire to the mattress in his cell because he was angry that he had not received his food tray. On or about February 7, 1993, while incarcerated at the New Haven Correctional Center, the petitioner did throw urine upon the head and face of a corrections officer while she was in the performance of her duties.
The attorney for the petitioner at sentence review CT Page 671 claimed that the net effective sentence imposed was excessive in light of the facts of these cases and in light of the petitioner's criminal history. Said attorney indicated that the factual basis of the arson wherein the petitioner set fire to his mattress was not that type of act that one commonly connotes to come within the purview of arson in the first degree. Counsel emphasized that there was merely property damage to the mattress itself. Likewise, counsel indicated that the petitioner did not intend to strike the officer with the urine but that the officer got "caught in the line of fire". Counsel further claims that the assault charge which was not intentional and wherein no lasting injuries occurred, does not warrant the sentence imposed.
Counsel for the petitioner emphasized the following factors: That the petitioner's criminal history, although consisting of felonies, does not reflect any history of violence; that Stamford detectives have categorized the petitioner as more of a nuisance type character and have found him to be co-operative and not a danger; that petitioner comes from a dysfunctional family wherein at an early age the petitioner's mother clearly indicated she no longer wanted petitioner which began petitioner's many years in foster homes and state run facilities which factors should mitigate any sentence imposed. Counsel for the petitioner claimed that the underlying facts of the two charges are more in the nature of Part B matters and should be treated as Part B offenses with a lesser sentence than the net sentence imposed. Counsel requested a reduction to a sentence in the 4 to 5 year range.
The petitioner commented that he believed the sentences to be excessive, that he believed the high cost of keeping petitioner incarcerated outweighed the minimal nature of the charges. Petitioner further indicated that he was not a threat to society or anyone's life, that he should be held accountable for his acts, but that the present sentence was unreasonable in light of those charges.
The counsel for State indicated that the State had made no recommendation at time of sentencing and emphasized the seriousness of the crime in that the arson occurred in a correctional institution wherein the consequences could have endangered life, and that any sentence must protect corrections' officers in the performance of their duties. CT Page 672
A review of the sentencing judges comments clearly reflects the effort the court expended in arriving at a just and reasonable sentence: the jury returned its verdicts of guilty on or about June 16, 1993 and sentencing did not occur until November 17, 1993, wherein the court stated that in the interim that probably a week did not go by that the court did not reflect on an appropriate disposition in this matter. The court noted petitioner's lengthy criminal history but indicated that the court had to wrestle long and hard on whether the petitioner was worthy of any kind of a split sentence and probation. The court concluded the petitioner was a person of intelligence who at times could be charming and the court wanted to impose a sentence that would give petitioner hope. The court took note of the difficult childhood imposed on petitioner and emphasized that petitioner had something to offer and did not consider petitioner to be beyond the ability of probation to provide some benefit to him.
The sentencing court did likewise consider the gravity of the charges and noted that as to the arson charge other confined inmates were put at substantial risk by the act of the petitioner and also that when one assaults a corrections officer that is an offense which requires a consecutive punishment for the purpose of maintaining order the in facility and minimize the risk to officers in the performance of their duty.
The Division has considered this sentence in accordance with the standard of review found in Connecticut Practice Book § 942. We find it to be appropriate under all the circumstances and it is AFFIRMED.
Klaczak, J.
Purtill, J.
Miano, J.
Klaczak, J., Purtill, J., and Miano, J., participated in this decision. CT Page 673